**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JARRETT NELSON,

                Petitioner,

      v.

UNITED STATES OF AMERICA,

              Respondent.

Civil Action No.: 22-6308 (ES)

OPINION

**SALAS, DISTRICT JUDGE**

Before the Court is *pro se* petitioner Jarrett Nelson's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (D.E. No. 15 ("Motion" or "Mot.")). This Court ordered Petitioner to show cause as to why the Court should not dismiss his Motion as untimely (D.E. No. 18 ("October 4, 2024 Order" or "Oct. 4, 2024 Order")), and Petitioner responded (D.E. No. 19 ("Response to OTSC" or "Resp. to OTSC")). For the reasons set forth below, the Court **DISMISSES** the Motion as untimely and **DENIES** a certificate of appealability.

I.      **BACKGROUND**

On August 7, 2018, Petitioner Jarrett Nelson pled guilty to: (i) conspiracy to commit carjacking, in violation of 18 U.S.C. §§ 371 and 2119(1) and (2); (ii) conspiracy to use and carry a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(o); (iii) carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2; and (iv) using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. (*See* Crim. No. 18-0455, D.E. Nos. 1 & 27). On January 17, 2019, this Court entered judgment against

Petitioner and sentenced him to a cumulative prison term of 240 months.  (*Id.*, D.E. 33).

On October 10, 2022, Petitioner filed a petition for writ of habeas corpus *ad subjiciendum*.[1] (Oct. 10, 2022 Pet.).  Believing that Petitioner intended to file a motion to vacate, set aside, or correct his sentence pursuant to Section 2255, the Court sent Petitioner a standard form Section 2255 motion and directed him to resubmit his pleading on the standard form.  (D.E. No. 2). Thereafter, Petitioner submitted his motion on this standard form.  (D.E. No. 5).  The motion raises a single claim arguing that the Court lacked subject matter jurisdiction to convict or sentence him. (*See id.*).

Before the Court finished screening the motion, on or about June 27, 2023, Petitioner filed another petition for writ of habeas corpus *ad subjiciendum*, which the Clerk of Court docketed as a new matter under a separate docket number.  (*See* Civ. No. 23-3511, D.E. No. 1).  The Court once again sent Petitioner a standard form Section 2255 motion (*see id.*, D.E. No. 2), and, on or about August 28, 2023, Petitioner resubmitted his pleading on that form, *see id.*, D.E. No. 3 ("Motion" or "Mot.")).  The Motion raises four grounds or claims for relief, including the jurisdictional claim that Petitioner previously asserted in the present matter (and are recited herein verbatim):

> (i) The two essential elements needed to find a defendant guilty – Actus Reus and/or Mens Rea – were not present in the Criminal Complaint;
>
> (ii) With respect to Ground One, the Court lacks jurisdiction as seen by Title 40 U.S.C. § 3112(c); 18 U.S.C. § 3231 defined by 18 U.S.C. § 7(3); 18 U.S.C. § 10; and Amendments XXXIII, and XXXVII, for the District Court to convict or sentence me in the first place.

---

[1]    The Court deems his petition filed on October 10, 2022, which is the date he certified that he delivered the filing to the prison officials for mailing to the Clerk of Court.  (D.E. No. 1 ("Oct. 10, 2022 Pet.") at 20); *see Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

(iii) My plea of "guilty" is invalid and unstable due to what was charged in the complaint by statute, and violation of plea standards on behalf of the government as to plea bargaining in this instant case of motion to dismiss counts.

(iv) I was charged with "Conspiracy to Commit Carjacking" under 18 U.S.C. § 371 against the United States, but Section B of document 1 never alleges an "offense against the United States." Title 18 U.S.C. § 371 has nothing to do with carjacking as does 18 U.S.C. § 2119. Title 18 U.S.C. § 371 is: Conspiracy to commit offenses or defraud the United States. This standalone, renders my plea of "guilty" invalid, and proves that this Court did not have jurisdiction to entertain or proceed in adjudicating this case.

(*Id.* at 4–5, 7–8).

In an Order entered on October 13, 2023, the Court construed Petitioner's June 27, 2023 filing and his Motion as attempts to amend his original motion in the current action. (Civ. No. 23-3511, D.E. No. 2 at 2). Therefore, the Court directed the Clerk of Court to docket the August 28, 2023 Motion and the prior June 27, 2023 Petition in the present matter and to mark Civil Action Number 23-3511 as closed. (*Id.* at 2–3). According to the Court, "[t]he August 28, 2023 motion will be the operative pleading in [this current] matter, and the Court will screen it in due course." (*Id.*).

On October 13, 2023, the Clerk of Court docketed the Motion dated August 28, 2023, and the June 27, 2023 Petition in the current matter. (D.E. Nos. 14 & 15).

In its October 4, 2024 Order, the Court concluded, under Rule 4(b) of the Rules Governing Section 2255 Proceedings ("Rule 4(b)") and 28 U.S.C. § 2255(f)(1), that the statute of limitations expired on January 31, 2020, Petitioner did not file his first submission in the current matter until October 10, 2022, and accordingly Petitioner's Motion must be dismissed on untimeliness grounds unless the Court finds another statute-of-limitations trigger applies or that Petitioner has met an exception to the statute of limitations. (Oct. 4, 2024 Order at 5). Furthermore, the Court

3

considered and rejected Petitioner's apparent argument that he was not aware of the legal basis of his claims until he spoke with another inmate with a carjacking conviction in February 2023 as a valid basis for equitable tolling of the statute of limitations. (*Id.* at 6–7 (noting, inter alia, that attorney error in non-capital cases generally does not constitute extraordinary circumstances for purposes of equitable tolling)). It also determined that the Supreme Court's ruling in *Jones v. Hendrix*, 589 U.S. 465 (2023), which was cited by Petitioner, has no bearing on the issue of timeliness because the Supreme Court instead held that "the statutory limitation on a second or successive motion 'based solely on a more favorable interpretation of statutory law adopted after [a petitioner's] conviction became final and his initial § 2255 motion was resolved' does not make § 2255 'inadequate or ineffective' such that the prisoner may proceed with his statutory claim under [28 U.S.C.] § 2241." (*Id.* at 7 (quoting *Jones*, 589 U.S. at 469)). Specifically, "*Jones* did not announce a new right retroactively applicable to cases on collateral review under § 2255(f)(3)." (*Id.*). Finally, the Court noted that Petitioner did not present any new reliable evidence establishing his actual innocence. (*Id.*).

Although concluding that the Motion should be denied as untimely under Rule 4(b), the Court could not "rule out rule out the possibility that Petitioner might have valid grounds for equitable tolling and/or a claim of actual innocence, or that he may be able to argue that the limitations period is governed by 28 U.S.C. § 2255(f)(2), (3), or (4)." (*Id.* (citing *Day v. McDonough*, 547 U.S. 198, 210 (2006)). Accordingly, the Court ordered Petitioner to show cause within forty-five (45) days why it should not dismiss his Motion as untimely. (*Id.* at 8).

On November 17, 2024, Petitioner filed his Response to OTSC. (D.E. No. 19).

4

## II.    LEGAL STANDARD

Under Rule 4(b), a district court must review a petitioner's Section 2255 motion and "dismiss the motion" if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4(b).

Pursuant to 28 U.S.C. § 2255(f), "[a] 1-year period of limitation shall apply to a [Section 2255] motion."  *Id.* § 2255(f).  Evaluation of the timeliness of a motion generally requires two determinations.  First, the court must determine the date from which the statute of limitations begins to run.  There are four possible triggers for this 1-year limitations period:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.  Under Section 2255(f)(1), "[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

5

Second, if a Section 2255 motion is untimely, a court must determine whether the matter warrants equitable tolling or whether some other exception to the statute of limitations applies. To receive the benefit of equitable tolling, a petitioner "must show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *See United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Indeed, extraordinary circumstances have been found only where: (i) the respondent has actively misled the petitioner; (ii) the petitioner has in some extraordinary way been prevented from asserting his rights; (iii) the petitioner has timely asserted his rights mistakenly in the wrong forum; or (iv) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 224, 230 (3d Cir. 2005).

Furthermore, the Supreme Court has recognized that "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [despite] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To make a sufficient showing of actual innocence, a petitioner must (i) "present new, reliable evidence that was not presented at trial" and (ii) "show by a preponderance of the evidence, 'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Houck v. Stickman*, 625 F.3d 88, 93 (3d Cir. 2010) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Wallace v. Mahanoy*, 2 F.4th 133, 150–52 (3d Cir. 2021); *Jackson v. Nogan*, No. 15-0763, 2021 WL 2660271, at *2 (D.N.J. June 29, 2021).

6

## III.    DISCUSSION

In his Response to the OTSC, Petitioner argues that his Motion should not be dismissed as untimely because: (i) cases are "legion" holding that a party may not waive a defect in subject matter jurisdiction or invoke federal jurisdiction by consent; (ii) an individual can assert injury from "government action taken in excess of authority that federalism defines," individual rights belong to the litigant and not to the state, and a litigant is not prohibited from objecting to an injury resulting in disregard of the "federal structure of [the] United States Government;" and (iii) "[a]s jurisdiction is an essential element of any crime, its absence makes [him] actual[ly] innocent." (Resp. to OTSC at 1–2).  According to Petitioner, "in a criminal case we have said that a person convicted by a court without jurisdiction over the place of the crime could be released from restraint by habeas corpus."  (*Id.* at 2 (citing *United States v. Williams*, 341 U.S. 58 (1951); *Hamilton v. Ky. Distilleries & Warehouse Co.*, 251 U.S. 146 (1919)).  "Based upon such[,] [P]etitioner assert[s] that he is actual[ly] innocent of the crime [charged], [a]s the Court lack[s] jurisdiction to indict."[2]  (*Id.*).

Like the Petition, the Response to the OTSC does not establish "valid grounds for equitable tolling and/or a claim of actual innocence," or indicate that the "imitations period is governed by 28 U.S.C. § 2255(f)(2), (3), or (4)."  (Oct. 4, 2024 Order at 7).  Instead, Petitioner's submissions are "replete with legal-sounding arguments but meaningless verbiage . . . commonly used by adherents to the so-called sovereign-citizen movement."[3]  *Mos-Bey v. Corp. State of N.J.*, No. 20-

---

[2]    Petitioner also submits certificates of completion for various Bureau of Prisons programs he has attended, apologizes for "numerous incident[s] that may have happened" and claims that he has changed his "mentality."  (*See* Resp. to OTSC at 3–16).  While commendable, such circumstances are not relevant to the present inquiry.

[3]    For example, Petitioner claims that this Court lacked jurisdiction because: (i) the offenses "did **not** take place in [the] 'special maritime jurisdiction or territorial jurisdiction' of the Federal Government" and instead "took place in 'state jurisdiction;'" (ii) this Court is "a federal claims [or legislative or territorial] court" established under Article IV of the United States Constitution (as opposed to a "constitutional Article III court") and therefore lacks criminal jurisdiction; (iii) "[e]very single opinion rendered by the [Supreme Court and the federal appellate and district courts]

20719, 2022 WL 3927892, at *3 (D.N.J. Aug. 31, 2022). "Similar arguments have been repeatedly rejected by other courts and are rejected by this Court." *Id.* (citations omitted); *see also In re Johnson*, No. 22-5258, 2023 WL 1784747, at *4 (E.D. Pa. Feb. 6, 2023) ("Legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign citizen movement' has been rejected by courts throughout the country as legally frivolous." (citation modified)). Specifically, to the extent that Petitioner claims that such alleged jurisdictional deficiencies establish his actual innocence, it is well established that "actual innocence refers to factual innocence, not legal insufficiency." *Thigpen v. McGill*, No. 22-2371, 2025 WL 1322756, at *18 (D.N.J. May 7, 2025) (citing *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012). Petitioner has failed to present new reliable factual evidence that shows, by a preponderance of the evidence, that it is more likely than not that no reasonable factfinder would have convicted him in light of the new evidence.[4] *See Houck*, 625 F.3d at 93; *see also Mos-Bey*, 2022 WL 3927892, at *3 ("Plaintiff's frivolous [sovereign citizen] arguments do not warrant equitable tolling of the instant Petition or establish a basis for his actual innocence.").

Accordingly, for the reasons stated above as well as in the October 4, 2024 Order, the Petition is **DISMISSED** as untimely. Pursuant to 28 U.S.C. § 2253(c), the petitioner in a Section 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a

---

throughout the Union States where the felonious 'interstate commerce crime' did not occur on land under the concurrent or exclusive jurisdiction of the United States (Federal Government) is null and void for lack of [subject matter] jurisdiction;" (iv) the Court's authority in criminal cases is limited to the territories or property belonging to the United States, and it cannot adjudicate criminal cases occurring "within the boundaries of the several 50 Union States;" and (v) "[n]o federal court has jurisdiction to try persons whether or claiming to be American Citizens for crimes committed in foreign countries," and "the sovereign State of New Jersey [is] such [a] foreign country." (Pet. at 23–27, 34); *see also Smith v. F&M Bank*, No. 23-1951, 2024 WL 1545222, at *2, 4 (M.D. Pa. Jan. 4, 2024) (noting, in case with "sovereign citizen" hallmarks, that the plaintiff alleged that the Commonwealth of Pennsylvania is a "member of the several Union States of America" and cited maritime and admiralty law (citations omitted)), *R&R adopted by* 2024 WL 1539501 (M.D. Pa. Jan. 25, 2024).

[4]    Furthermore, the case law cited by Petitioner in his Response to the OTSC did not involve habeas or other collateral review proceedings. *See Williams*, 341 U.S. at 59–61; *Hamilton*, 251 U.S. at 153–54.

substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss the Motion as untimely, Petitioner's Motion is inadequate to deserve encouragement to proceed further at this time, and this Court **DENIES** a certificate of appealability.

## IV.   CONCLUSION

For the reasons stated above, the Court **DISMISSES** Petitioner's Motion and **DENIES** a certificate of appealability. An appropriate Order follows.

**Dated: April 23, 2026**                                             s/ *Esther Salas*
                                                                      **Esther Salas, U.S.D.J.**

9